(No. 42810.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAMUEL CAIN, Appellant.

*Opinion filed November 17, 1970.*

WARD, J., took no part.

HOGAN & CROWE, of Chicago (ALLEN G. HUEBNER and BRIAN L. CROWE, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and THEMIS KANEZIS (Graduate Law Student), of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Samuel Cain was found guilty in a bench trial in the circuit court of Cook County of indecent liberties with a child and attempted rape. He was sentenced to the penitentiary for a term of 10 to 16 years on the indecent-liberties count and for a term of 10 to 14 years on the attempted-rape count. On appeal the conviction for indecent liberties with a child was affirmed and the conviction for attempted rape was reversed. (*People v. Cain,* 75 Ill. App. 2d 282.) Thereafter, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) alleging he did not knowingly and understandingly waive his right to a trial by jury. An evidentiary hearing was conducted and the relief requested in the petition was denied. Defendant now appeals from the judgment denying his post-conviction relief.

Prior to trial, the following conversation took place between the court, the defendant and his attorney.

"THE COURT: You understand you have a constitutional right to a trial by jury.

THE DEFENDANT: No.

MR. CAWLEY: I will explain it to him. You have a choice to have a jury trial or be tried by this Judge. I have told the Judge we have decided, or you have decided, to be tried by the Judge without a jury.

THE DEFENDANT: Yes.

MR. CAWLEY: You understand that?

THE DEFENDANT: Yes.

THE COURT: Very well, let the jury waiver be entered."

It is not clear from the foregoing conversation whether the defendant meant "no" he did not want a trial by jury or "no" he did not understand that he had a constitutional right to a trial by jury. At any rate, his attorney explained that he had a choice of a trial by jury or by the judge, and he said he understood the choice and wanted to be tried by the court.

Furthermore, at the hearing on the post-conviction petition, defendant testified: "I just knew it was a choice but he [his lawyer] said take a bench trial, so I did that" and "Well, all I knew is they had jury trials and they had bench trials and whatever your lawyer said do, you do." The post-conviction judge concluded that defendant knew he had a right to trial by jury, that he waived trial by jury because his attorney so advised him and that the advice to waive trial by jury was sound because the case involved the extreme sexual molestation of a 4-year-old girl. We think the conclusion reached by the post-conviction judge is correct.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.